UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JAMES FLEISHMAN, <br><br> Defendant. | Case No. 11 Cr. 32 (JSR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AMENDED BILL OF PARTICULARS DATED AUGUST 15, 2011**

COLEMAN & BALOGH LLP
ETHAN A. BALOGH (*pro hac vice*)
JAY A. NELSON (*pro hac vice*)
744 Montgomery Street, Fifth Floor
San Francisco, CA 94111
Phone: 415.391.0440
Facsimile: 415.373.3901
eab@colemanbalogh.com
jay@colemanbalogh.com

Attorneys for Defendant
JAMES FLEISHMAN

## TABLE OF AUTHORITIES

**Cases**

*United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987)..............................................................2

**Constitutional Provisions**

U.S. Const. amend V...................................................................................................................3

## PRELIMINARY STATEMENT

Defendant, James Fleishman, by and through his counsel, respectfully requests the Court to enter an Order striking the Government's revised Bill of Particulars dated August 15, 2011.

## BACKGROUND

On May 23, 2011, Mr. Fleishman moved for an Order requiring the Government to file a bill of particulars. Docket No. 47. At the hearing held June 13, 2011, the Court granted Mr. Fleishman's motion, ruling:

> I think it's time for the government to particularize much more than it has so far what it's going to allege at trial. I would think that the government needs to file, and we'll set the time for this in a second after hearing from the government, a Bill of Particulars stating the identity of anyone they will contend is a co-conspirator. Second, the individuals from whom the defendant allegedly attempted or conspired to get inside information from. Third, the dates to a reasonable degree of particularization on which those attempts were made or succeeded. Fourth, the nature of the inside information, whether it was earnings statements, financial information, or what. And fifth, any actual, as opposed to conspired about any actual securities transactions the government expects to introduce at trial.

Reporter's Transcript of Proceedings Held June 13, 2011 ("June 13, 2011 RT") at 6:19-7:10. In response, the United States requested an opportunity to prepare two Bills of Particulars—*viz.*, an initial Bill followed by a supplemental one—due to its concern that as it moved forward with trial preparation, it would have "additional witnesses in to prepare, continue the review of documents, and find potentially additional information that [it] will seek to introduce at trial." *Id.* at 7:13-8:11. The Court granted the Government's request, and required the United States to file an initial bill of particulars by July 15, 2011 and a supplemental Bill by August 15, 2011. *Id.* at 8:12-19. As for the initial bill of particulars, the Court admonished the Government: "I expect the government will use its best efforts to make that as close to a final as it reasonably can." *Id.* at 8:16-17.

On July 15, 2011, the United States transmitted to Mr. Fleishman its initial bill of particulars, in which, among other things, it identified 13 alleged co-conspirators, including five Primary Global Research ("PGR") employees (Bob Nguyen, Don Chu, Bayard Fleitas, Phani

1

Saripella, and Unni Narayanan), five PGR consultants (Mark Anthony Longoria, Dan Devore, Manosha Karunatilaka, Walter Shimoon, and Menucher Menuchehry), and three PGR clients (Jason Pflaum, Samir Barai, and Noah Freeman). *See* Declaration of Ethan A. Balogh in Support of Motions Filed August 22, 2011 ("Balogh Decl.") Ex. B. On August 15, 2011, the United States transmitted to Mr. Fleishman its supplemental bill of particulars, in which, among other things, it identified five new alleged co-conspirators, including one PGR employee (Rajan Varadarajan), and four PGR consultants (Michael McKean, Alnoor Ebrahim, Suk-Joo Hwang, and Ricky Lin). *See* Balogh Decl. Ex. C. For the following reasons, this Court should strike the Government's supplemental Bill of Particulars.

## **ARGUMENT**

The primary purpose of a bill of particulars is to enable the defendant to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). In short, a bill of particulars *narrows* the Government's allegations in the interest of fairness.

In this case, however, the Government has taken the opposite approach, and has employed its supplemental Bill of Particulars as a means to *enlarge* substantially the case against Mr. Fleishman. The effect of this enlargement is twofold: (1) it has worked unfair surprise against Mr. Fleishman on the eve of trial, and (2) it has prejudiced him in the preparation of his defense. *Cf. id.* Indeed, since Mr. Fleishman's receipt of the Government's July 15, 2011 Bill of Particulars, he has been preparing to defend *that* case—*viz.*, a case involving 13 alleged co-conspirators and the universe of documents pertaining to those individuals. Now, however, with less than two weeks left before trial, Mr. Fleishman has learned that the Government seeks to have him defend against allegations involving *18* co-conspirators, including a doubling of so-called rogue experts. The Government's revised Bill of Particulars therefore undermines, rather than serves, the function of a bill of particulars, and the Court should strike it accordingly.

The supplemental Bill of Particulars also violates the spirit, if not the letter, of the Court's June 13, 2011 Order. At the June 13 hearing, the Court required the Government to identify

2

"*anyone* [it] will contend is a co-conspirator[,]" and to make its initial Bill of Particulars "as close to a final as it reasonably can[.]" June 13, 2011 RT at 6:23-34, 8:16-17 (emphasis added). As Mr. Fleishman understood the Court's Order (and the Government's responses), the Court permitted the Government to supplement its initial Bill of Particulars by August 15, 2011 with, for example, a reasonable volume of additional evidence—*e.g.*, previously unreviewed and/or undiscovered emails, recordings, or other such materials that came to the Government's attention during its trial preparation—pertaining to the previously identified co-conspirators, but *not* to expand the size of the case by adding five alleged co-conspirators. By using the period between July 15 and August 15 to expand, rather than narrow, its case, the Government has acted in derogation of the Court's June 13, 2011 Order, and the Court should strike the supplemental Bill on this ground as well.

       Finally, as far as Mr. Fleishman is able to tell, the Government has never presented the allegations of its supplemental Bill of Particulars to a grand jury, and, nevertheless, the August 15, 2011 enlargement amounts, in effect, to a superseding indictment in violation of Mr. Fleishman's Fifth Amendment rights. The Indictment was filed on February 3, 2011, roughly seven and a half months before the Government prepared its supplemental Bill of Particulars. Docket No. 28. Based on the Government's own representations at the June 13, 2011 hearing, not to mention the Order of the Court, any additions contained in the Government's supplemental Bill of Particulars were not to exceed such evidence as the Government newly identified during its post-July 15, 2011 trial preparation. *See* June 13, 2011 RT at 7:20-8:11. Under these circumstances, if the Government had already "discovered" its new allegations by February 3, 2011, it would have—or at least should have—included them in its initial July 15, 2011 Bill of Particulars. Because the Government did not do so, however, it appears that the new allegations have never been approved by a grand jury, and thus that the supplemental bill of particulars is, in effect, a superseding indictment returned outside the protections of the grand jury system. This Court should disallow such an end-run around Mr. Fleishman's Fifth Amendment rights, and should require the Government to present to the petit jury only those allegations that have been

passed upon by the grand jury. Even if this Court declines this basis for relief, it should require trial of the first Bill of Particulars, and treat the August 15 Bill as a superseding indictment to be addressed following the conclusion of that trial.

## **CONCLUSION**

For the foregoing reasons, Mr. Fleishman respectfully requests that the Court enter an Order striking the Government's revised Bill of Particulars dated August 15, 2011.

Respectfully submitted,

DATED: August 22, 2011  
        San Francisco, California

COLEMAN & BALOGH LLP

ETHAN A. BALOGH  
JAY A. NELSON  
744 Montgomery Street, Fifth Floor  
San Francisco, CA 94111  
Phone: 415.391-0440  
Facsimile: 415.373-3901  
eab@colemanbalogh.com  
jay@colemanbalogh.com

Attorneys for Defendant  
JAMES FLEISHMAN

**PROOF OF SERVICE**

    I, Ethan A. Balogh, certify that on August 22, 2011, I caused the foregoing pleading to be filed electronically with the Clerk of the Court for the United States District Court of the Southern District of New York by using the Court's CM/ECF system.

Dated:  August 22, 2011
         San Francisco, California            ETHAN A. BALOGH