```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
                                       :
UNITED STATES OF AMERICA,              :
                                       :       11 Cr. 32-2 (JSR)
            -vs-                       :
                                       :          ORDER
JAMES FLEISHMAN,                       :
                                       :
            Defendant.                 :
---------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On December 23, 2011, the Court sentenced defendant James Fleishman to concurrent thirty-month terms of imprisonment after a jury convicted Fleishman of conspiracy to commit securities fraud and conspiracy to commit wire fraud. Upon the recommendation of the Probation Department in the Presentence Investigation Report and in the absence of any objection by the Government, the defendant, or defendant's counsel, the Court suspended the standard supervised release drug testing condition because it found that Fleishman posed a low risk of future substance abuse. See Judgment at 3, ECF No. 154 (Dec. 23, 2011).

While imprisoned at the federal correctional facility in Florence, Colorado, Fleishman was admitted to the Residential Drug Abuse Program ("RDAP"), after Dr. Robert L. Krick, the director of the program, determined that Fleishman had an alcohol abuse problem that would benefit from in-patient treatment. One of the benefits inmates receive from successful participation in the RDAP program is early termination of the incarcerative portion of their sentences in exchange for continued substance abuse treatment as a condition of

supervised release. On May 9, 2012, after receiving a request from the Bureau of Prisons, the Probation Department petitioned the Court to have Fleishman's conditions of supervised release modified to require participation in a substance abuse treatment program.

Noting the inconsistency between the information the Court had been given prior to sentencing and the current alleged need for substance abuse treatment, the Court decided to conduct an evidentiary hearing to determine: (1) whether the Court should grant or deny the request to modify the terms of Fleishman's supervised release; (2) whether the Court should recommend to the Bureau of Prisons that Fleishman not be allowed to continue in the RDAP program; and (3) whether the Court should refer the case to a United States Attorney's Office for investigation of possible obstruction of justice, should the Court determine that Fleishman had lied about having an alcohol abuse problem in order to obtain a sentencing benefit for participating in RDAP. On September, 14, 2012, the Court conducted this evidentiary hearing, and the Government and Fleishman's counsel submitted written summations in the weeks that followed.

At the hearing, the Government put forth the testimony of Probation Officer Katrina Minus-Shepard and Pretrial Services Officer Emily Rosado, both of whom had interviewed Fleishman prior to sentencing, as well as twelve documentary exhibits. The evidence clearly establishes that Fleishman failed to inform either the Probation Department or Pre-Trial Services of any alcohol abuse problem. In response to questions regarding substance use and abuse,

Fleishman told Officers Minus-Shepard and Rosado that he drank "socially." See Gov't Exs. 5, 10 ¶ 60, 11; see also Gov't Ex. 16 (concluding as to the third interview, based on the lack of any information pertaining to alcohol in the worksheet and report, that Fleishman did not any indicate any history of alcohol abuse). Although it appears that Officers Minus-Shepard and Rosado took this statement at face value and failed to gather more detailed information regarding the frequency or amount of Fleishman's alcohol use, see, e.g., Tr. 60:7-61:10, 95:9-18, there appears to otherwise have been no indication before sentencing that Fleishman had any alcohol abuse issues. Indeed, in interviews with the Probation Department and Pre-Trial Services and in letters submitted on Fleishman's behalf before sentencing, none of Fleishman's friends or family members so much as hinted at issues related to substance abuse, see Tr. 53:2-12, 73:5-74:5; rather, these individuals spoke of a devoted family man whose lifestyle was incompatible with a problem so pervasive as to require in-patient treatment. See Ex. 10 ¶¶ 51-52. Based on this uncontroverted evidence, the Court finds that Fleishman's pretrial statements were materially inconsistent with his later asserted need for alcohol abuse treatment.

The Court thus turns to the critical question: whether Fleishman is an appropriate candidate for alcohol treatment while on supervised release and thus should benefit from the attendant sentencing benefit for participation in the RDAP program. Given that Fleishman claimed a substance abuse problem at a time when he stood

to benefit from such a claim, the burden is on Fleishman to show that he is in fact an appropriate candidate for such treatment.

Before the September, 14, 2012, Fleishman indicated his intention to assert his Fifth Amendment privilege against compelled testimony and asked to be excused from traveling from Colorado to attend the hearing, which the Court permitted. At the hearing, defense counsel cross-examined the Government's witnesses but otherwise introduced no evidence into the record. In fact, defense counsel objected as privileged to the introduction of Fleishman's medical records (both the records of his personal doctor and Dr. Krick, the head of the prison's treatment program).

However, in summation, Fleishman's counsel suggested an alternative explanation for Fleishman's failure to identify his alcohol abuse problem in his pre-sentence interviews: that Fleishman was in denial about his problem. Fleishman's counsel argued that, under this theory, Fleishman in fact never lied so much as failed to recognize before being incarcerated that he had a problem at all. Counsel put forward in his summation papers quotations from and citations to various academic articles and popular websites discussing the common phenomenon of denial among alcoholics. However, these studies were not entered into the record, nor was there ever anything more than attorney argument linking the general phenomenon of denial to Fleishman's individual situation.  In the absence of such evidence in the record, it is impermissible for the Court to speculate that this phenomenon explains Fleishman's behavior.

Fleishman's counsel further asks the Court to defer to Dr. Krick's professional diagnosis that Fleishman was an appropriate candidate for the RDAP program. However, neither Dr. Krick's diagnosis, nor the information underlying that diagnosis, was entered into evidence, and defendant's counsel asserted privilege over the release of those documents. It is well established that "a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." In re Sims, 534 F.3d 117, 132 (2d Cir. 2008) (quoting In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000)). Although, here, Fleishman did not disclose the actual communications, his counsel nonetheless made representations about the substance of the diagnoses that came out of those communications. Without the ability to review the underlying information that led to Dr. Krick's judgment, the Government could not challenge and the Court cannot evaluate the weight that Dr. Krick's determination should be given. Thus, the Court gives little weight to Dr. Krick's determination that treatment would be appropriate. Because the only evidence in the record shows that Fleishman made materially contradictory statements in his earlier interviews with Probation and Pre-Trial Services - before he had a reason to lie - the Court finds that Fleishman has failed to meet his burden of demonstrating that he is in need of alcohol abuse treatment.

5

Accordingly, the Court denies the Probation Department's petition to modify the terms of Fleishman's supervised release to require substance abuse treatment and, correspondingly, does not approve Fleishman's entry into any treatment program that would shorten Fleishman's term of incarceration. However, under all the facts and circumstances, the Court does not believe that Fleishman's inconsistencies rise to the level that the Court should refer the matter to the United States Attorney for criminal investigation.

SO ORDERED.

Dated: New York, NY
May 6, 2013

JED S. RAKOFF, U.S.D.J.